**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GIL GROVE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **RIZZI 1857 S.P.A.,** | : | **NO. 04-2053** |
| **Defendant.** | : | |

**MEMORANDUM**

Plaintiff Gil Grove filed a three-count complaint against Rizzi 1857 S.P.A. in May 2004 after his left hand was mangled in a machine manufactured by the defendant.  In his complaint, Mr. Grove brings claims for strict product liability, breach of warranty, and negligence against Rizzi.  After several years in which Rizzi, an Italian company allegedly in dire financial straits, has failed to defend itself, Mr. Grove now moves for an entry of default judgment.  For the reasons set forth below, the Court will grant Mr. Grove's motion in part as to liability, deny the motion in part as to damages, and set a jury trial to determine the amount of Mr. Grove's damages.

**I.  Factual and Procedural Background**

At the time this litigation commenced, Rizzi was a foreign corporation based in Italy, while Mr. Grove resided in Pennsylvania.  Rizzi manufactured and sold a smoothing and drying machine to Garden State Tanning, Inc., Mr. Grove's employer.  On August 7, 2002, Mr. Grove was at work when his left hand was caught in the machine's rollers.  Mr. Grove suffered a "degloving" injury, in which his skin was torn away and his fingers were partially amputated. Following this gruesome injury, Mr. Grove has undergone surgeries, physical therapy, and other

medical treatments, and his claimed losses include permanent disfigurement, an inability to work, loss of earning capacity, and continuing pain and suffering.

Mr. Grove has faced numerous delays and difficulties pursuing his claims against Rizzi. After seeking to extend its time to respond to Mr. Grove's complaint on multiple occasions, Rizzi finally retained counsel and answered the complaint nearly a year after this suit began. However, Rizzi's efforts in the case essentially ended by 2006.  On May 2, 2006, Rizzi's counsel sought permission to withdraw, explaining that Rizzi had voluntarily liquidated itself under Italian law and thereafter decided (despite its corporate status) to forgo having counsel represent it in this matter.  The Court subsequently granted counsel's motion to withdraw.

Since 2006, Rizzi has continually failed to defend itself in this case.  It neglected to send a representative to a scheduled status conference in May 2007, and it has repeatedly ignored the Court's orders to obtain counsel.  In February 2008, the Court explicitly warned Rizzi that a default might be entered against it if it did not obtain licensed counsel.

On March 25, 2008, the Court authorized the Clerk of the Court to enter default against Rizzi.  The case was subsequently stayed to determine how Rizzi's apparent bankruptcy–or the equivalent status under Italian law–affected the suit.  Mr. Grove's counsel eventually submitted a series of status reports, including one noting that Rizzi had failed to file an 11 U.S.C. § 1515 petition for recognition of its Italian bankruptcy.  Given this failure, the Court lifted the stay on May 23, 2012.  Mr. Grove subsequently moved for default judgment.  On June 22, 2012, Mr. Grove's counsel served Rizzi with written notice of his application for default judgment.[1] Having held a hearing on the motion, the Court will now resolve this matter as to Rizzi's liability.

---

[1] The Court also mailed notice of the default judgment hearing to Rizzi on June 13, 2012, nearly a month before the hearing occurred.

## II.  Legal Standard

Once the Clerk of Court has entered a default, a party must apply to the Court for entry of a default judgment.  *See* Fed. R. Civ. P. 55(b)(2).  Before entering such a judgment, the Court must consider "(i) whether the plaintiff will be prejudiced if the default is denied[;] (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of [the] defendant's culpable conduct."  *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 551 (E.D. Pa. 2009) (citations and quotations omitted).  Many courts also consider a fourth factor, "the effectiveness of alternative sanctions."  *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

When a default judgment is entered, the factual allegations of the complaint are treated as if they have been proven true.  *E. Elec.*, 657 F. Supp. 2d at 552.  However, this does not extend to any factual allegations regarding damages.  *Id.*  "A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."  *Id.* (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).  Therefore, a court may grant a motion for default judgment as to liability and then allow a plaintiff to establish her damages through a jury trial.  *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2688 at 68 (3d ed. 1998) ("[A] jury trial may be appropriate with regard to the amount of the recovery" on a default judgment.).

## III.  Discussion

### A. Prejudice to the Plaintiff

Prejudice to the plaintiff favors the entry of a default judgment if the denial of such relief "would result in the loss of evidence or impair the plaintiff's ability to effectively pursue his or her claim."  *Carroll v. Stettler*, No. 10-2262, 2012 U.S. Dist. LEXIS 113660, at *9-10 (E.D. Pa.

Aug. 10, 2012).  Minimal delays in litigation will not satisfy this requirement.  *Id.* at *10.

However, considerable delays–including ones that "can stretch on indefinitely"–do impair a

plaintiff's ability to effectively pursue her claim.  *Id.* at *11.  There also may be sufficient

prejudice where lack of a judgment might extinguish a plaintiff's ability to recover from a

defendant who is "being pursued by numerous other creditors."  *Eastern Elec.*, 657 F. Supp. 2d

at 553.

 Here, Mr. Grove argues that he has suffered prejudice because he cannot recover

damages against Rizzi even as its assets are being liquidated.  Considerable delays already have

impacted this litigation, and it appears that these delays will "stretch on indefinitely."  *Carroll*,

2012 U.S. Dist. LEXIS 113660, at *11.  Therefore, the prejudice factor discussed in *Eastern

Electric* weighs in favor of default judgment.

### B.  *Meritorious Defenses*

 The second factor that the Court must consider is whether a defendant has any

meritorious defenses.  A defense is deemed meritorious when "if established at trial, [it] would

completely bar plaintiffs' recovery."  *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307

(E.D. Pa. 1995) (citations and quotations omitted).  Courts often weigh this factor in favor of

granting default judgment where a party has failed to answer claims against it.  *See, e.g.*, *Eastern

Elec.*, 657 F. Supp. 2d at 553.

 However, a court may grant a default judgment even when a defendant has filed an

answer.  *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917-19 (3d Cir. 1992).  The

language of Rule 55 states that a default judgment may be entered against a party who has

"failed to plead or otherwise defend."  "The [Third Circuit] Court of Appeals has held that the

'or otherwise defend' clause in Rule 55(a) is 'broader than the mere failure to plead.'"  *Bibbs v.*

4

*Sec. Atl. Mortg. Co.*, No. 10-0346, 2012 U.S. Dist. LEXIS 107337, at *7 (E.D. Pa. Aug. 1, 2012) (quoting *Hoxworth*, 980 F.2d at 917). Accordingly, default judgment may be granted when a defendant files an answer, but later fails to participate in the litigation after the withdrawal of counsel. *See id.* (noting, in addition, that a default judgment "may be imposed because a party has filed to comply with a court's orders").

Consideration of the meritorious defense factor also "goes hand in hand with the analysis of the sufficiency of the complaint." *Chromagen Vision, LLC v. Eichenholtz*, No. 11-2860, 2012 U.S. Dist. LEXIS 121198, at *13 (E.D. Pa. Aug. 27, 2012). Because of this, the Court will analyze each of Mr. Grove's three claims and Rizzi's eight-year-old response to those claims, as well as Rizzi's affirmative defenses, separately.

### 1. Strict Product Liability

Under Pennsylvania law, "[s]trict liability allows a plaintiff to recover where a product in a defective condition unreasonably dangerous to the user or consumer causes harm to the plaintiff." *Phillips v. A-Best Prods. Co.*, 665 A.2d 1167, 1170 (Pa. 1995) (internal quotation omitted). According to the well-pleaded allegations of his complaint, Mr. Grove was injured when his hand was pulled into the rollers on the underside of a smoothing and drying machine manufactured by Rizzi. The machine was defective because it lacked all the necessary safety features to protect users, including an automatic shut-off mechanism on its underside that would have prevented a worker's hand, like Mr. Grove's, from being crushed.

Rizzi's answer denies the averments that Mr. Grove's complaint uses to support his strict liability claim. However, "[i]t is not enough for Defendant to simply deny the factual allegations in Plaintiff's complaint." *Dominion Airtech v. Born Envtl. Servs., Inc.*, No. 02-8524, 2003 U.S. Dist. LEXIS 9809, at *3 (E.D. Pa. May 27, 2003). Instead, a defense is meritorious when it has

"alleged specific facts beyond simple denials or [conclusory] statements." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  Since Rizzi has denied Mr. Grove's averments, but has not supplied the "specific facts" that would show its defense could completely bar Mr. Grove's recovery, it fails to set forth a meritorious defense for this count.  *Id.*

### 2.  Breach of Warranty

Under Pennsylvania law, defendants breach the implied warranty of merchantability when their goods do not satisfy a series of requirements laid out by statute.  Among other requirements, the goods must be "fit for the ordinary purposes for which such goods are used." 13 Pa. Cons. Stat. § 2314(b)(3); *see also Phillips v. Cricket Lighters*, 883 A.2d 439, 443 (Pa. 2005).  According to the well-pleaded allegations of Mr. Grove's complaint, Rizzi breached the implied warranty because its machine had so many flaws that it was not fit for use by workers.

Rizzi denied Mr. Grove's averments on this issue.  Again, though, Rizzi did not provide "specific facts beyond simple denials or [conclusory] statements" to show that it did not violate the implied warranty of merchantability.  *$55,518.05*, 728 F.2d at 195.  As such, Rizzi has not set forth a meritorious defense to this count.

### 3. Negligence

Under Pennsylvania law, a plaintiff pursuing a negligence claim must prove that: 1) the defendant had a duty to conform to a certain standard; 2) the defendant did not conform to that standard; 3) there was a causal connection between the defendant's deficient conduct and an injury; and 4) the plaintiff suffered damage.  *See R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). Mr. Grove alleges that Rizzi was negligent in manufacturing its machine by, among other things, failing to implement a safety feature, thereby causing his hand injuries.

Rizzi denied Mr. Grove's averments.  It did not provide any "specific facts," though, to show why it was not negligent.  *$55,518.05*, 728 F.2d at 195. Because of this, it has not demonstrated a meritorious defense to this count.

### 4. Affirmative Defenses

Rizzi also filed six affirmative defenses to Mr. Grove's claim.  Those affirmative defenses include: failure to state a claim; the statute of limitations; laches and/or estoppel; contributory negligence; assumption of risk; and that Mr. Grove's injuries were "caused by the acts and omissions of persons over whom answering defendant has no control and for whom it is not responsible."  Again, however, Rizzi failed to set forth the type of "specific facts" necessary to show why any of these defenses might be valid.  *$55,518.05*, 728 F.2d at 195.  As such, they are not meritorious.

## C.  Excusable Neglect

The third factor to consider when weighing the propriety of a default judgment request is the defendant's culpable conduct.  Negligence on the defendant's part is not sufficiently culpable.  *See Dominion*, 2003 U.S. Dist. LEXIS 9809, at *4.  However, "intentional conduct or reckless disregard for repeated communications from the Plaintiff or the Court" can support the granting of a default judgment.  *See id.*  Here, while Rizzi did eventually answer Mr. Grove's complaint, it has gone years without actively defending itself in this action and, as stated above, ignored numerous orders issued by the Court.  This conduct qualifies as culpable, and as such, the third factor favors granting default judgment.

## D.  Alternative Sanctions

While all three foregoing factors support granting Mr. Grove's motion as to Rizzi's liability, the Third Circuit Court of Appeals also encourages district courts to consider whether

sanctions other than default judgment may be appropriate given the circumstances of a case. *See Emcasco*, 834 F.2d at 73. In this case, however, no sanctions apart from default judgment are available. After years in which Rizzi has completely failed to offer any sort of defense as to Mr. Grove's claims, the Court has no alternative to entering a default judgment as to liability.

### E. Damages

Although the Court finds default judgment merited with respect to liability, it cannot reach the same conclusion regarding Mr. Grove's alleged damages. As stated above, "[a] party's default does not suggest that the party has admitted the amount of damages that the moving party seeks." *E. Elec.*, 657 F. Supp. 2d at 552 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Moreover, Mr. Grove seeks recovery based on past and future pain and suffering, the quintessential type of damages that calls for a jury determination. Finally, at the hearing on his default judgment motion, Mr. Grove's counsel not only agreed to a jury trial on damages, but stated that such a proceeding would serve his client's "best interest[s]." *See* Docket No. 135 at 13:4-7. Therefore, the Court will deny the motion for default judgment as to damages and permit a jury to determine the amount of Mr. Grove's damages.

## IV.  Conclusion

For the foregoing reasons, the Court will grant in part the motion for default judgment as to liability, deny in part the motion as to damages, and set a jury trial to determine Mr. Grove's damages.

An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge